UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued June 14, 2006
Decided June 27, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-4042

THIERNO YOUSSOUF SOW,
                *Petitioner*,

   *v.*

ALBERTO R. GONZALES,
                *Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals

No. A79-325-079

**O R D E R**

Thierno Youssouf Sow, a native and citizen of Guinea, entered the United States in June 2001. He filed for asylum, withholding of removal, and protection under the Convention Against Torture, claiming he suffered persecution based on his political activity as a member of the Rally for the People of Guinea (RPG), a political party opposed to the ruling government. An Immigration Judge ("IJ") denied relief, finding Sow's testimony was not sufficient to establish that he had been persecuted. The Board of Immigration Appeals ("BIA") affirmed. We deny Sow's petition for review.

Sow belongs to the Fulani ethnic group and worked as a merchant. At his hearing, Sow testified that he joined the RPG in 1993. He explained that RPG members opposed the presidency of Lansana Conte, a member of the ruling Party of Unity and Progress, but he provided little detail about his activities with RPG.

Sow testified that he was arrested twice for protesting on behalf of the RPG party and its presidential candidate, Alpha Conde, but at his hearing gave inconsistent testimony regarding the dates of his arrests. Sow testified that he was arrested the first time in 1998 for protesting Conde's arrest the day after the presidential election. But when the IJ questioned Sow at a later point in the hearing, he testified that he was arrested in December 1996 and detained until March 1997. The IJ followed up by asking Sow whether he was sure about the dates of his arrest and release, and Sow repeated the same dates, adding that he was arrested a second time in September 1998. Later Sow testified that he was arrested the first time in 1998, and again in 2000 after Conde was sentenced to prison; this testimony is consistent with Sow's asylum application and the 2001 State Department Country Report, which says that Conde was arrested on December 15, 1998, and sentenced to prison on September 11, 2000.

Sow testified about both of his detentions but provided little detail regarding the conditions he endured on either occasion. He testified that after his first arrest he was detained at a military camp, where he was beaten and confined in a small cell with other protesters. The guards told Sow they would release him if he signed a document saying Conde was bringing rebels into the country. Sow was detained at this camp for three months. He testified he was released because he had been stabbed in the leg by "a military guy" and was "suffering so much." After his second arrest he was taken to the same camp, beaten, and accused of plotting against the government. Two months later he was released.

Upon Sow's release, his captors took away his merchant's license and closed his store. Sow tried to retrieve his license and merchandise but was unable to do so. He then decided to leave Guinea, so he paid to use another man's passport. Sow testified that he left because he was warned that if he was arrested again, he would be jailed and probably killed.

In support of his application Sow submitted three RPG membership cards for the years 1999, 2000, and 2001. The IJ questioned why he did not submit additional materials. Sow said he did not bring with him any medical records, and he did not have any formal papers charging him with a crime. The IJ asked Sow whether he knew that the RPG had a branch in New York and whether he obtained any documentation from that office regarding his membership; Sow responded that he had heard about the office but had not visited it and did not know that documents were necessary. Sow's attorney requested a continuance so that Sow could obtain information from the New York office, but the IJ denied the request.

The IJ denied Sow's application, finding his testimony was not credible for several reasons: (1) he gave inconsistent answers regarding the dates of his detentions; (2) he provided only vague information regarding the goals of the RPG

or his activities with the party; (3) he gave little detail regarding the conditions of his detentions or his claim that he was stabbed; (4) he used fraudulent documents to enter the United States; (5) he did not leave Guinea immediately after his release from detention; and (6) he did not provide any evidence to corroborate his testimony. The IJ believed that portions of Sow's testimony were "memorized" and "not factually true" because he became "confused" about the dates of his imprisonment and his testimony was "not sufficient, standing alone, to establish the credibility of his underlying facts." The IJ said documents concerning Sow's RPG activities or his injury while detained, or affidavits from his family would have been particularly helpful to corroborate his testimony. The IJ also determined that because Sow had limited involvement with the RPG and because Conde and many of his supporters have been pardoned, he would not face persecution if returned to Guinea.

The BIA affirmed in a short order, determining that Sow's "discrepant answers" regarding the date of his first arrest "amply" supported the IJ's adverse credibility finding.

Where the BIA affirms an IJ's order, the IJ's decision constitutes the final decision of the BIA. *Giday v. Gonzales*, 434 F.3d 543, 547 (7th Cir. 2006). We will affirm the BIA's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Margos v. Gonzales*, 443 F.3d 593, 597 (7th Cir. 2006). We may overturn an IJ's credibility determination only under extraordinary circumstances, when the determination is not supported by "specific, cogent reasons that bear a legitimate nexus to the finding." *Gjerazi v. Gonzales*, 435 F.3d 800, 807 (7th Cir. 2006).

In his brief, Sow challenges only two of the six reasons given by the IJ for finding him not credible. This is problematic for Sow because the four unchallenged reasons, if supported by the record, would be enough for this court to uphold the credibility determination. *Id.*; *see also Krouchevski v. Ashcroft*, 344 F.3d 670, 672-73 (7th Cir. 2003) (upholding IJ's credibility determination where petitioner focused on only one of three reasons given for determination). However, because the reasons challenged by Sow are also supported by the record, we address only those two arguments.

Sow first argues that the IJ should have found him credible because his misstatements regarding the dates of his imprisonment did not go to the heart of his claim. He admits that he "stumbled in his testimony about his first arrest," but argues that overall he was "quite firm in his testimony that the election and his arrest occurred in 1998."

Adverse credibility determinations should be based not upon easily explained discrepancies but rather upon issues that go to the heart of an applicant's claim. *See Giday*, 434 F.3d at 551. Where an IJ finds testimony not credible, the petitioner must provide a convincing explanation of any discrepancies. *Balogun v. Ashcroft*, 374 F.3d 492, 500 (7th Cir. 2004). Sow does not explain why he twice stated that his first arrest was in 1996. And, contrary to his assertions, Sow's misstatements do go to the heart of his claim. In order to credit Sow's claim that he was persecuted on account of his political opinion, Sow's arrest and detention must have occurred in 1998, when Conde was arrested, not in 1996. *See Pop v. I.N.S.*, 270 F.3d 527, 531 (7th Cir. 2001) (inconsistency of dates valid basis for adverse credibility determination where petitioner testified that persecution occurred two years earlier than shown by documentary evidence). As a result, the IJ did not err in relying on Sow's inconsistent testimony about the dates of his detention as part of his adverse credibility determination. *See Balogun*, 374 F.3d at 504 (accepting IJ's determination that petitioner was not credible where IJ "justifiably set [his] misrepresentations against the backdrop of the whole record").

Sow next argues that the IJ erred when he denied Sow's claim based on his failure to provide corroborating evidence. He notes that evidence is not required when a petitioner relies primarily on personal experiences not subject to verification, and argues that he was in no position to gather evidence while he was "fleeing the country after the second of his horrendous terms of imprisonment."

"The testimony of the applicant, if credible, may be sufficient to sustain the burden of proof without corroboration." 8 C.F.R. § 208.13(a). So long as a petitioner's testimony is specific, detailed, and convincing, corroborating evidence is not required. *See Dawoud v. Gonzales*, 424 F.3d 608, 612 (7th Cir. 2005).[1] It is appropriate, however, to ask for corroboration "in the common situation when the IJ has some doubt about an applicant's credibility." *Id.* at 613. For example, an IJ may require corroboration when he determines the petitioner's testimony is incredible or not sufficiently specific or detailed. *See Balogun*, 374 F.3d at 500. The corroboration requirement must be employed reasonably, and an IJ cannot require corroboration of immaterial facts or evidence when it is not reasonably accessible. *Id.* at 502-03; *In re S-M-J-*, 21 I. & N. Dec. 722, 725, 1997 WL 80984 (BIA 1997).

---

[1] The REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, signed into law on May 11, 2005, allows an IJ to require a credible applicant to provide corroborating evidence in certain circumstances, *id.* § 101(a)(3)(B)(ii); *see Dawoud*, 424 F.3d at 613. However, this act does not apply to Sow because he filed his asylum application before May 11, 2005. Pub. L. No. 109-13 § 101(h)(2); *see Dawoud*, 424 F.3d at 613.

Here, the IJ was justified in seeking corroboration.  The IJ found that additional evidence was necessary because Sow's testimony was vague and he provided few details regarding his activities for the RPG or his detentions. Although Sow asserted at oral argument that his testimony was not vague or lacking in detail, he did not raise this argument in his brief and thus it is waived. *Asere v. Gonzales*, 439 F.3d 378, 381 (7th Cir. 2006).  In addition, evidence material to Sow's involvement with the RPG and his claims of persecution was reasonably accessible.  Sow does not argue that the evidence the IJ sought—documents or affidavits from his wife and sister who live in Guinea, medical records regarding his treatment after he was stabbed in detention, and documents from the RPG's office in New York—was not material to his claim, did not exist, or that the IJ was unreasonable in expecting him to provide these types of documents.  Finally, contrary to Sow's assertions, he did not flee Guinea immediately after his release from detention and thus had adequate time to gather documents to support his asylum claim.  Sow was detained for two months, beginning in September 2000, but testified that he did not leave Guinea until June 2001, approximately six months after his release.

Finally, Sow argues that the BIA erred in not examining whether his past persecution created a presumption that he was eligible for asylum or whether the punishment he suffered was so unconscionable that he qualified for a favorable exercise of discretion pursuant to *Matter of Chen*, 20 I. & N. Dec. 16, 19, 1989 WL 331860 (BIA 1989) (holding that persons who "suffered under atrocious forms of persecution" should not be expected to repatriate even if there is little threat of future persecution).  But because the IJ did not find that Sow had experienced past persecution, there is no presumption that he will be persecuted in the future.  And Sow has not shown that he experienced an atrocious form of persecution that would support a favorable exercise of discretion from the BIA.

Because the IJ's conclusion that Sow did not experience persecution is supported by substantial evidence and because Sow has not shown that he is eligible for asylum based on his fear of future persecution or a favorable exercise of discretion, we DENY his petition for review.